## CIRCUIT COURT OF FAIRFAX COUNTY

GVA Advantis

v.

James J. Lawrence et al.

December 10, 2007

Case No. CL-2007-450

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court upon Plaintiff GVA Advantis' "Motion to Enforce Settlement and Modify Settlement Agreement and Release" and upon Defendant James J. Lawrence's "Motion to Compel Settlement." The questions presented in the respective motions surround the formation, terms, and enforceability of the parties' Settlement Agreement and Release dated November 21, 2007. After full consideration of the parties' positions and examination of the relevant case law, this Court is of the opinion that the Settlement Agreement and Release should be reformed as a result of a mutual mistake of fact.

*Facts and Procedural Background*

The procedural posture of this case is somewhat unusual. Originally, this case was filed as a Complaint for Interpleader and Declaratory Relief wherein the Plaintiff acknowledged that certain commissions were due to Defendants Lawrence, Mercer, and Moody, but stated that the division of the commissions remained in dispute among the parties. Defendant Lawrence counterclaimed for Breach of Contract and Breach of Fiduciary Duty requesting the distribution of these and other commissions. The matter was scheduled for a four day jury trial on December 3, 2007. On November 29,

2007, the Court was notified that the case was settled and there would not be a jury trial, but that it would remain on the trial docket to determine the terms of the settlement.

The Plaintiff and Defendant Lawrence filed cross-motions, and the trial was convened on December 3, 2007. At that time, after opening statements from each of the four parties through their respective counsel, the Plaintiff submitted numerous e-mails and documents outlining negotiations and agreements, which exhibits were received without objection. Defendant Mercer, joining in the Plaintiff's motion, also submitted two documents without objection. Defendant Lawrence moved to strike the Plaintiff's (and Defendant Mercer's) evidence, which motion was denied. Defendant Lawrence then testified, under oath, that the written Settlement Agreement and Release fully encompassed the settlement as he understood it and that it was a compromise and a package deal which superseded all prior discussions and agreements.

As framed by the parties, the issues before the Court are (1) whether any documents or testimony could be presented to challenge the written Settlement Agreement and Release, (2) whether the Plaintiff can meet his burden of proof of mutual mistake of fact when only one of the parties testifies and that party asserts there was no mistake, and (3) if the Plaintiff can prove mutual mistake of fact, whether the evidence is sufficient to reform the Settlement Agreement.

*Analysis*

On the first issue, this Court allowed parol evidence regarding the validity of the parties' Settlement Agreement. Under Virginia law, an exception to the parol evidence rule exists in the case of a mistake in integration. *Beach v. Bellwood*, 104 Va. 170, 185, 51 S.E. 184 (1905). The only limitation on this doctrine is that the evidence must be "very strong and clear, such as to leave no fair and reasonable doubt upon the mind that the writing does not correctly embody the intention of the parties." *Id.* The reason for this exception to the rule is clear; when mutual mistake of fact is alleged, the issue before a court is the intent of the parties in entering into the contract. Intent must be shown through the parties' words and dealings.

The remaining issues involve the Plaintiff's burden of proof. In this case, the documents submitted establish that the parties reached a clear agreement in the exchange of e-mails and letters between November 9 and November 12, 2007. The terms of the settlement included payment by the Plaintiff to Defendant Lawrence of $85,000.00 in "settlement" plus

"commissions" in the sum of $355,380.45 (a sum they asserted was higher than intended, but which they would not lower due to a prior offer). It also included a payment from Defendant Mercer to Defendant Lawrence in the sum of $15,000.00, resulting in a total of $455,380.45 due to Defendant Lawrence. On November 19, 2007, the Plaintiff forwarded a proposed Settlement Agreement and Release reflecting the same total payment (with a $0.10 error) but listing the "commissions" as $370,380.45. When the document reached Defendant Mercer, the discrepancy was noted and he responded by "correcting" the math, electing to increase the total sum rather than decrease the "commissions." His "correction" resulted in a total amount due of $470,380.35. No one commented on the change, and the document was executed by all four parties.

Defendant Lawrence has testified that the additional $15,000.00 was in compromise of additional claims he was asserting, including the "Security Storage" transaction, interest, the "W-2" tax issue, and attorney's fees. He stated that the $470,380.35 was the figure upon which all agreed. This testimony does not comport with the documents in evidence. From the beginning, there were inconsistencies in the proposed Settlement Agreement and Release. The math was never correct; however, the first draft mirrored the letters and e-mails of settlement, including the "Deal Outline," (other than the $0.10 error) as to the total settlement. The change was made by Defendant Mercer, not the Plaintiff. The change, therefore, was not made in response to Defendant Lawrence's additional claims against the Plaintiff.

The equitable remedy of reformation is available where clear and convincing evidence indicates that, as a result of a mutual mistake, an instrument does not express the intent of the parties. *Ayers v. Mosby*, 256 Va. 228, 233, 504 S.E.2d 845 (1998); *Gibbs v. Price*, 207 Va. 448, 449-50, 150 S.E.2d 551 (1966). In determining whether a mutual mistake of fact existed at the time an agreement was made, the Court must consider "whether each party held the same mistaken belief with respect to a material fact at the time the agreement was executed." *Collins v. Department of Alcoholic Bev. Control*, 21 Va. App. 671, 681, 467 S.E.2d 279 (1996). An innocent insertion of a material stipulation, contrary to the intent of both parties, and made under a mutual mistake entitles a trial court to give relief on the ground of mistake. *Wilkinson v. Dorsey*, 112 Va. 859, 869, 72 S.E. 676 (1911). A party's failure to notice a mistake will not preclude reformation of the instrument. *Bankers Fire Ins. Co. v. Henderson*, 196 Va. 195, 208, 83 S.E.2d 424 (1954) ("The negligent failure of a party to know or discover the facts, as to which both parties are under a mistake does not preclude rescission or reformation on account thereof.")

510

The Court finds that the documents standing alone belie, and are sufficient to refute, the testimony of Defendant Lawrence and that the Plaintiff has proven by clear and convincing evidence that there was an agreement on all terms and that the parties failed to note the errors in the proposed written agreement. A mutual mistake of fact existed at the time of the signing. In addition, the Court finds by clear and convincing evidence that the settlement was for a total payment to Defendant Lawrence of $455,380.45 pursuant to the payment terms set forth in the e-mails and outlined above. The Settlement Agreement and Release shall be reformed accordingly.

For the reasons stated above, the Court grants the Plaintiff's Motion to Enforce Settlement and Modify Settlement Agreement and Release and denies Defendant Lawrence's Motion to Compel Settlement.